UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   4:21-CR-135 |
| | ) |
| CHARLES AIMEE FIELDS, JR. | ) |

PLEA AGREEMENT

Defendant Charles Aimee Fields, Jr., represented by his counsel Jack M. Downie, Esq., and the United States of America, represented by Assistant United States Attorneys Noah J. Abrams and Frank M. Pennington, II, respectfully state to this Honorable Court that they have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1. **GUILTY PLEA**

Defendant agrees to enter a plea of guilty to Count Two which charges Distribution of a Controlled Substance (Cocaine Base ("Crack")) in violation of 21 U.S.C. § 841(a)(1) and Count 56, which charges a Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1).

2. **ELEMENTS AND FACTUAL BASIS**

The elements necessary to prove Count Two are:

**FIRST:** That the Defendant knowingly possessed a controlled substance, cocaine base ("crack"); and

**SECOND:** That the Defendant distributed the controlled substance.

Initials _CF_

The elements necessary to prove Count Fifty-Six are:

**FIRST:** That the Defendant knowingly possessed the firearm as charged;

**SECOND:** At the time he possessed the firearm, the Defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

**THIRD:** The Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce.

Defendant agrees that he is, in fact, guilty of these offenses. Defendant admits that the government could prove each and every element of the offenses to which he is pleading guilty. He agrees to the accuracy of the following facts, which satisfy each of the offenses' required elements:

On or about December 12, 2020, in Chatham County, within the Southern District of Georgia, the defendant, Charles Aimee Fields, Jr., did knowingly and intentionally possesses with intent to distribute and distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

Beginning in the fall of 2020, a joint investigation involving Drug Enforcement Administration and Savannah Police Department Strategic Investigation Unit began targeting an area in Savannah, Georgia, within the Southern District of Georgia, known as the "DIPS", which was being used as an open-air market for the purchase and sale of cocaine base ("crack"). From October 2020 through May 2021,

2

Initials CF

investigators utilized multiple Confidential Sources ("CS") to make controlled purchases of cocaine base ("crack") from each defendant listed in the indictment.

Specifically, on or about December 12, 2020, Defendant Charles Aimee Fields, Jr., sold a quantity of cocaine base ("crack") to a CS who was acting on the direction of law enforcement. Additionally, on or about December 23, 2020, the Defendant possessed and then sold a Taurus Spectrum .380 caliber handgun to a CS who was acting on the direction of law enforcement. On both occasions, the CS utilized US Currency provided to him/her by law enforcement for the purchase of the cocaine base ("crack") and the firearm; and the transaction was audio and video recorded on a hidden camera. The sale of the cocaine base ("crack") and firearm both occurred in Savannah, GA, within the Southern District of Georgia.

3. **POSSIBLE SENTENCE**

Defendant's guilty plea will subject him to the following maximum possible penalties for Count Two: Not more than 20 years of imprisonment; Not more than a $1,000,000.00 fine; At least four (4) years of supervised release; and $100.00 special assessment.

Defendant's guilty plea will subject him to the following maximum possible penalties for Count Fifty-Six: Not more than 10 years of imprisonment; Not more than a $250,000.00 fine; Not more than 5 years of supervised release; and $100.00 special assessment. However, if the defendant has three prior convictions for serious drug offenses or violent felonies, then pursuant to 18 U.S.C. § 924(e)(1), then the

maximum possible penalties are: Not less than 15 years imprisonment, not more than life; Not more than 5 years supervised release; Not more than $250,000 fine; and $100 special assessment.

4. **NO PROMISED SENTENCE**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. **COURT'S USE OF GUIDELINES**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. **AGREEMENTS REGARDING SENTENCING GUIDELINES**

   a. *Acceptance of Responsibility*

4

Initials CF

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

b.  *Use of Information*

The Government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7.  **COOPERATION**

a.  *Complete and Truthful Cooperation*

This agreement does not require Defendant to cooperate. However, the Defendant, if he chooses to cooperate, he must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in the Indictment and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

Initials CF

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.   *Motion for Reduction in Sentence Based on Cooperation*

The Government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the Government that the Defendant's sentence be reduced.

8.   **DISMISSAL OF OTHER COUNTS**

At sentencing, the government will move to dismiss any remaining Counts pending against Defendant in this case.

9.   **FINANCIAL OBLIGATIONS AND AGREEMENTS**

a.   *Restitution*

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and

remedies available to it to collect the full amount of the restitution. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b.  *Special Assessment*

Defendant agrees to pay a special assessment in the amount of $100.00 per count, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c.  *Required Financial Disclosures*

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

d.  *Financial Examination*

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such

Initials CF

examination will occur not later than 30 days after the entry of Defendant's guilty plea.

e. *No Transfer of Assets*

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations *[or forfeiture]* created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

f. *Material Change in Circumstances*

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven (7) days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g. *Enforcement*

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations *[and forfeiture]* imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

8

Initials CP

10. **FORFEITURE**

Defendant agrees to forfeit, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offense(s), including, but not limited to, a Taurus Spectrum, .380 caliber pistol, serial number 1F038730, as alleged in the indictment.

11. **WAIVERS**

a. *Waiver of Appeal*

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

b. *Waiver of Collateral Attack*

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C.

Initials CP

§ 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

c. *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

12. **DEFENDANT'S RIGHTS**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in

that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 13. SATISFACTION WITH COUNSEL

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

### 14. BREACH OF PLEA AGREEMENT

Defendant breaches this agreement if, prior to sentencing in his case, he fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw his guilty plea, refuses to accept responsibility for his criminal conduct, obstructs justice by tampering with witnesses or evidence, or commits any new crimes. If Defendant breaches the plea agreement, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the Government may: (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

11

Initials 

## 15. ENTIRE AGREEMENT

This agreement contains the entire agreement between the Government and Defendant. The Government has made no promises or representations except those set forth in writing in this Plea Agreement. The Government further denies the existence of any other terms or conditions not stated herein. No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

_____  
Date

_____  
Karl I. Knoche  
Chief, Criminal Division

10/28/2021  
Date

_____  
Noah J. Abrams  
Assistant United States Attorney

_____  
Date

_____  
Frank M. Pennington, II  
Assistant United States Attorney

12

Initials CP

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

10/27/2021
Date

*Charles Fields*
Charles Aimee Fields, Jr., Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

10/27/2021
Date

Jack M. Downie, Defendant's Attorney

13

Initials CF

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 4:21-CR-135 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHARLES AIMEE FIELDS, JR.** | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change her plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This ____ day of _____, 2021.

_____
HONORABLE R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA